JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0657 AG (AJWx) | Date | August 22, 2014 |
|---|---|---|---|
| Title | GEGHUHI GHAZARYAN v. WELLS FARGO BANK, N.A., dba WELLS FARGO DEALER SERVICES | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**   [IN CHAMBERS] ORDER GRANTING MOTION TO REMAND

Plaintiff Geghuhi Ghazaryan filed this case in state court, primarily seeking state court relief on state law claims, but also asserting one federal claim. The case was removed by defendant Wells Fargo Dealer Services, A Division of Wells Fargo Bank, N.A. ("Defendant") based only on federal question jurisdiction. This Court now ORDERS that the case be remanded back to the state court.

Plaintiff, "rel[ying] upon Defendant's assertion of federal question" and desiring to have her state court claims decided by the state court, decided to give up her federal claim. Thus, she filed her First Amended Complaint without the federal claim and then filed an Ex Parte Application for Remand and for Fees Under 28 U.S.C. § 1447(c). The Court concluded that relief on an ex parte basis was not appropriate, and set a briefing schedule. An opposition and reply have been filed.

Defendant now argues that this Court has diversity jurisdiction, a ground for jurisdiction not raised in Defendant's Notice of Removal. Defendant essentially requests that the Court allow Defendant to amend its Notice of Removal to state a fact clearly known at the time of removal. Defendant's request is not legally supported and could have unjust consequences.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0657 AG (AJWx) | Date | August 22, 2014 |
|---|---|---|---|
| Title | GEGHUHI GHAZARYAN v. WELLS FARGO BANK, N.A., dba WELLS FARGO DEALER SERVICES | | |

Allowing Defendant at this late date to supplement its earlier Notice of Removal could lead to gamesmanship and delays. As one example, a plaintiff in state court seeking a temporary restraining order of an imminent foreclosure sale could find herself in jurisdictional limbo as her case gets removed due to a federal question that is then dropped, only then to have diversity raised for the first time. Both the interests of justice and judicial economy require a rejection of Defendant's request.

To support its position that Defendant may now bring up diversity jurisdiction for the first time, Defendant cites the following from *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006): "[o]nce a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice." But even if that case does have general applicability to cases like this, the Court does not find Defendant's purported South Dakota citizenship apparent from the complaint. In oral argument, Defendant seemed to confirm this fact.

Denying Defendant's request is supported by the mandate that this Court guard its jurisdiction "jealously." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 560 (C.D. Cal. 2005). Support also comes from the rule that to protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand, and that Defendant bears the burden of establishing proper removal and federal jurisdiction. *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009). Diversity jurisdiction exists to protect out of state parties from bias. *Id.* at 1157. Defendant Wells Fargo had its chance to claim this protection from bias in California courts and did not timely do so. California courts should not now be denied the ability to apply California law.

The Motion is GRANTED. But the Court is not persuaded that an award of fees and costs is appropriate, and the request for an award of fees and costs is DENIED.

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0657 AG (AJWx) | Date | August 22, 2014 |
|---|---|---|---|
| Title | GEGHUHI GHAZARYAN v. WELLS FARGO BANK, N.A., dba WELLS FARGO DEALER SERVICES | | |

| | | : | 0 |
|---|---|---|---|
| | Initials of Preparer | lmb | |